**CLD-053**                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4293
_____

IN RE:  GEORGE BLOOD,
Petitioner

_____

Petition for Writ of Mandamus from the
United States District Court for the
Middle District of Pennsylvania
(Related to M.D. Pa. Civil No. 10-cv-00141)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 24, 2010

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: December 8, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

George Blood presents a "petition to compel the Bureau of Prisons to immediately release petitioner from false imprisonment as a matter of law," which he supports with a letter dated November 16, 2010.  He asks us to act pursuant to 28 U.S.C. § 2106, which provides that we "may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and

direct the entry of such appropriate judgment . . . or require further proceedings." In his petition, Blood challenges the execution of his sentence by the Bureau of Prisons ("BOP"). In doing so, he presses the merits of a currently pending case that he submitted to the District Court pursuant to 28 U.S.C. § 2241 in January 2010 (although he did not pay the filing fee until the end of March 2010, at which time he filed an amendment to his petition).

Blood asks us to take up the cause because, according to him, he has pursued every available remedy over four and a half years to no avail. In addition, he claims that his repeated requests for an expedited hearing in the District Court have gone unheard. He asks us not only to exercise our supervisory power over the District Court but also to order the BOP to release him based on his calculation that he has served his prison sentence.

Although Blood relies on 28 U.S.C. § 2106, he does not bring a District Court judgment before us to review. Instead, in part, to the extent that he challenges the execution of his sentence and seeks an order directed at the BOP, his remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Blood has already filed such a petition in the District Court.

To the extent that Blood asks us to exercise our supervisory authority over the District Court to order it to adjudicate his pending habeas petition, we construe his petition as a petition for a writ of mandamus. So construed, we will deny it.

2

Mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used ... only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). Although an appellate court may issue a writ of mandamus when an undue delay in adjudication can be considered a failure to exercise jurisdiction that rises to the level of a due process violation, see Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), a writ of mandamus is not appropriate here.

Some time has passed since the filing of Blood's habeas petition, and a delay in ruling on it could become a matter of concern, especially given that Blood claims that he should have already been released from prison, see Madden, 102 F.3d at 79 (noting that a seven-month delay in adjudicating a habeas petition may be "of concern"). However, under the circumstances, the delay does not amount to a failure to exercise jurisdiction at this point. As Blood notes in his letter, the Magistrate Judge issued a report and recommendation at the beginning of November. We are aware that Blood disagrees with the Magistrate Judge's proposed resolution of his petition. However, Blood has presented his objections to the District Court. We are confident that the District Court will expeditiously rule on the matter. Although we deny mandamus relief, our denial is without prejudice to the filing of a renewed petition in the event that the District Court does not take action within a reasonable time from the date of this judgment.

3